SAMUEL SWANSON v. LUTHER MENDENHALL.[1]

May 29, 1900.

Nos. 12,140—(134).

#### Jury—Peremptory Challenge.

In the selection of juries for the trial of civil actions the proper practice is to require the parties to exercise their right of peremptory challenges alternately, one challenge at a time, beginning with defendant.

#### Same—Proper Practice.

Either party may at any time indicate to the court that he is satisfied with the jury, and, when he does so, cannot thereafter, without leave of the court, challenge peremptorily one of the jurors so accepted. But if the opposing party thereafter makes a further challenge, and a new juror is called, the right to challenge such new juror remains, and may be exercised, unless the party had previously exhausted his challenges.

Action in the municipal court of Duluth against defendant, as receiver of the Duluth Street Railway Company, insolvent, to recover $499 for personal injuries. The case was tried before Edson, J., and a jury, which rendered a verdict in favor of plaintiff for $170. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Greene & Wood,* for appellant.

*Baldwin & Baldwin,* for respondent.

BROWN, J.

This action was brought in the municipal court of the city of Duluth. Plaintiff had a verdict, and defendant appeals from an order denying his motion for a new trial.

The trial in the court below was before the court and jury. The only question presented for consideration on this appeal is whether that court erred in denying to defendant the right to interpose a peremptory challenge to one of the jurors. He had used two such challenges, and claimed the right to the third, which the court denied him. The facts, as shown by the record, are as follows:

[1] Reported in 82 N. W. 1093.

"After a jury of twelve men were drawn, and examined, and passed for cause, and after plaintiff had exercised two of his peremptory challenges, and defendant two of his peremptory challenges, counsel for defendant states that defendant waives his last and third peremptory challenge as to the jurors already drawn in the panel, and gives notice now that he desires to exercise the peremptory challenge as to the other jurors who may be called hereafter; whereupon the court stated to counsel for defendant that he must exercise his third peremptory challenge at that time, or it would be considered as waived. Upon plaintiff having exercised his third peremptory challenge, and a juror called to take the place of the one challenged is examined for cause by counsel for the defendant, counsel for defendant states that he desires his third peremptory challenge, and does challenge the juror peremptorily."

The court refused to permit the challenge to be made, and defendant excepted.

The right to challenge jurors is one given and secured by law, and cannot be taken away by the court. Until the challenges to which a party is entitled under the statutes are exhausted, the right extends to every juror called. The juror is first challenged for cause, either actual or implied bias; then peremptorily. In civil actions each party is entitled to three peremptory challenges. G. S. 1894, § 5370. The usual practice in the selection of a jury in such actions is to require the peremptory challenges to be made by the parties alternately, one at a time, beginning with defendant. Either party may at any time indicate to the court that he is satisfied with the jury, and, when he does so, cannot thereafter, without leave of court, challenge peremptorily any of the jurors by him thus passed and accepted; but if the opposing party thereafter makes a further challenge, and a new juror is called, the right to challenge such new juror remains, and may be exercised, unless the party had previously exhausted his challenges. No doubt a party may expressly waive any or all his peremptory challenges, but the mere fact that he expresses satisfaction with the jury at a particular stage of its selection does not constitute a waiver as to jurors subsequently called to fill vacancies caused by challenges by the other party.

There was no waiver in this case, for defendant expressly reserved his rights in that respect. Although the practice in the matter of impanelling juries in civil actions may not be uniform throughout the state, so far as our information extends, the rule

here indicated as to peremptory challenges is very generally followed. It is the only rule which will give full effect to the law, and not deprive a party of his statutory rights. Our conclusion is that the trial court erred in denying defendant the right to interpose the challenge in question, and the order appealed from must be reversed.

Appellant's assignments of error are defective, but he was permitted to amend the same on condition of waiving all costs and disbursements in this court should he be the prevailing party. No costs or disbursements will therefore be allowed to either party.

Order reversed