CHRIST LERUM v. PETER O. GEVING.[1]

February 9, 1906.

No. 14,620—(213).

**Challenging Jurors.**

> Where a party, who has not exhausted his peremptory challenges, passes them and accepts the jury as then constituted, without expressly reserving his right to use them if other jurors are called, he does not

[1] Reported in 105 N. W. 967.

thereby waive his right to peremptorily challenge a juror thereafter called in place of one challenged by his adversary. Swanson v. Mendenhall, 80 Minn. 56, 82 N. W. 1093, followed.

**Impeachment of Witness.**

Where a witness on a former trial of an action is without the jurisdiction of the court at the time of the second trial thereof, and his testimony on the first trial is received in evidence, it is not competent to impeach him by proof of self-contradictory statements made out of court, unless his attention on his examination was called to them and to the time, place, and person to whom they were made.

**Same.**

The fact that the statements were made after his examination, or, if made before, were unknown to the party seeking to discredit the witness, is not an exception to the rule.

Appeal by defendant from an order of the district court for Polk county, Watts,' J., denying a motion for a new trial. Reversed.

*R. J. Montague* and *Albert Chilgren,* for appellant.

*W. E. Rowe,* for respondent.

START, C. J.

Action to determine and establish the boundary line between the respective farms of the parties hereto. The determination of the issue depended upon which one of two disputed points was the one at which the United States surveyors located a certain section corner. The question was submitted to a jury, and they returned a verdict to the effect that the corner was located at the point claimed by the plaintiff. The defendant appealed from an order denying his motion for a new trial.

The assignments of error raise the questions whether the trial court erred in its rulings in impaneling the jury, in the admission of evidence, and in its instructions to the jury. The case comes here upon a bill of exceptions which does not purport to contain all of the evidence, and for this reason the plaintiff urges the objection that the record is not sufficient to enable this court to pass upon any of the questions. The objection is without merit as to the first and second alleged errors, for the record contains sufficient of the evidence to make the rulings complained of and the exceptions thereto intelligible and to enable the court to determine them. While the burden is upon the appellant

affirmatively to show error, the rule must not be strictly construed and so applied in practice as to eliminate bills of exceptions and compel the cautious lawyer in every case to bring up the whole evidence.

What occurred when the jury was impaneled, as shown by the bill of exceptions, was this:

There was evidence in the case sufficient to have sustained a verdict for the defendant, had the jury brought in a verdict in his favor. Twelve jurors were called and placed in the box. They were examined by each party. The defendant then used one peremptory challenge. Plaintiff then used one. The defendant then announced that he passed his second peremptory challenge. Plaintiff then used his second peremptory challenge. Defendant then announced that he passed his third peremptory challenge. Plaintiff then used his third peremptory challenge, and a new juror was called to take the place of the one so challenged. Defendant then examined that juror, who was Andrew Kleven, and the juror stated that as the supervisor of the town of Roome, Polk county, he had employed the plaintiff's attorney, W. E. Rowe, to act as the attorney of that town in an action which was then pending. Defendant's attorney then challenged the juror for implied bias. The court ruled that the fact that the juror, as supervisor of a town, had employed the plaintiff's attorney to act for the town in an action still pending, was not sufficient to sustain a challenge for implied bias. Defendant excepted to the ruling of the court. Defendant's counsel then challenged the juror peremptorily, and the court ruled that defendant had no right to challenge the juror peremptorily, that he had exhausted his peremptory challenges by not exercising them in the regular order, and that the challenges of each side must be exercised alternately. Defendant's attorney then stated to the court that he had only passed his challenges as to the jurors who had then been called, and that at that time the juror Kleven had not been called. The court then ruled that defendant had no right to challenge the juror Kleven peremptorily, and to that ruling the defendant's counsel took exception. The jury was then sworn. The juror Kleven heard the defendant's

counsel challenge him for implied bias, and offer to challenge him peremptorily. The juror Kleven remained on the jury.

The ruling on the challenge of the juror for implied bias was correct, but the ruling denying the right of the defendant peremptorily to challenge him was both erroneous and prejudicial. Swanson v. Mendenhall, 80 Minn. 56, 82 N. W. 1093.

Counsel for the plaintiff seeks to distinguish the case cited from the one we are considering, because defendant's counsel in that case, in waiving his last peremptory challenge as to the jurors already drawn, gave notice that he desired to exercise the challenge as to other jurors who thereafter might be called. This does not differentiate the cases; for, as said in the case cited, "until the challenges to which a party is entitled under the statutes are exhausted the right extends to every juror called. * * * No doubt a party may expressly waive any or all his peremptory challenges, but the mere fact that he expresses satisfaction with the jury at a particular stage of its selection does not constitute a waiver as to jurors subsequently called to fill vacancies caused by challenges by the other party. There was no waiver in this case, for the defendant expressly reserved his rights in that respect."

It is not necessary for a party to expressly reserve his right peremptorily to challenge jurors who may be called after he has accepted the jury. Nor did the court in the case cited so hold. The purpose of the court in calling attention to the fact that the defendant expressly reserved his right was to emphasize the fact that there had been no waiver, but, on the contrary, an express reservation of the right. The defendant in the case at bar by passing his challenges simply indicated his satisfaction with the jury as it then stood. It would be a forced and unjust construction of his action to hold that thereby he expressly waived his right to challenge any juror who thereafter might be called to supply the place of one peremptorily challenged by his adversary. It follows that the ruling of the court was prejudicial error for which there must be a new trial.

With reference to such trial it is advisable to consider one other alleged error. On the first trial of this cause a witness was called, sworn, and testified on behalf of the plaintiff; but at the time of the last trial he was without the jurisdiction of the court, and his testimony

on the former trial was given in evidence. The defendant then offered to show by a competent witness that he had a conversation with the absent witness in which he made statements relating to a material fact directly the reverse of his testimony. The evidence was objected to for the reason that no foundation for its admission had been laid. The court sustained the objection and excluded the evidence. The ruling is here assigned as error. The ruling was correct. The absent witness was not a party to the action; hence the offered evidence was not original, but simply impeaching evidence. Such evidence is not competent, unless the foundation is laid by first calling the attention of the witness sought to be impeached by alleged self-contradictory statements to the time, place, and person when, where, and to whom they were made. Horton v. Chadbourn, 31 Minn. 322, 17 N. W. 865. Such foundation was not laid in this case.

The fact that such statements were made subsequent to the examination of the witness, or, if made before, were unknown to the party seeking to discredit the witness, is not an exception to the rule. The reason for the rule, justice to the witness, applies to the alleged exception. 30 Am. & Eng. Enc. (2d Ed.) 1125; Mattox v. U. S., 156 U. S. 237, 15 Sup. Ct. 337, 39 L. Ed. 409.

We do not consider the assignments of error which relate to the instructions of the trial court, for the reason that there must be, in any event, a new trial for the error indicated.

Order reversed and a new trial granted.