## CARTER v. IRVINE.

### No. 1534.

Court of Civil Appeals of Texas. Waco.
Nov. 22, 1934.

Rehearing Denied Dec. 20, 1934.

Touchstone, Wight, Gormley & Price and Walter Van Nort, all of Dallas, for plaintiff in error.

Lovett & Lovett, of Corsicana, for defendant in error.

GALLAGHER, Chief Justice.

This suit was instituted by plaintiff in error, H. A. Carter, in the district court of Navarro county against defendant in error, B. F. Irvine, to recover the sum of $3,440.85 alleged to be due on a contract of employment. The parties will be designated as in the trial court. Plaintiff alleged that he was a public accountant and income tax consultant, engaged in making income tax returns for others and representing others in income tax matters before the United States Treasury Department and its divisions and the Board of Tax Appeals. He further alleged that defendant, in November, 1927, employed him to examine the books, records, and original income tax returns of defendant and his children for the years 1923 and 1924; that by the terms of his employment he was to take such action as was necessary to oppose a proposed assessment of additional income taxes and interest thereon for said years, to secure an adjustment and reduction of the income tax liability, and to secure a refund of part of the income taxes paid for said years; that he immediately began the discharge of the duties of such employment; that while so engaged a written contract was executed by plaintiff and himself, in which the consideration for his services was fixed at 20 per cent. of such reduction in taxes as plaintiff might secure; and that he did secure a net reduction of tax liability in the sum of $17,203.25.

Defendant admitted the existence of the contract declared upon, but denied liability thereon on the ground that plaintiff had wholly failed and neglected to perform said contract but had breached the same, and that such reduction of tax liability as was secured was the direct result of the services of an attorney employed by defendant. He further alleged that said attorney appeared at a hearing before the proper representatives of the Internal Revenue Department at Dallas and that the reduction of liability resulted solely from his efforts; that plaintiff did not appear at such hearing; and that such reduction of liability did not result from anything done by him. Defendant further alleged that if plaintiff did perform any services in pursuance of his employment, that the same were trivial and ineffective and the value of the same did not exceed $50; that plaintiff, having failed to discharge the duties of his employment, could in no event recover more than the actual value of the services rendered by him thereunder.

The case was submitted to a jury on special issues, which issues with the answers thereto were as follows, to wit:

"(1) Do you find from a preponderance of the evidence in this case that the plaintiff, H. A. Carter, or persons employed by him, performed the services, if any, under the contract of the date of December 14, 1927, which brought about or caused the reduction of $17,-

204.25 tax liability of B. F. Irvine, R. E. Irvine, C. F. Irvine and Alice Irvine?

"Answer: No.

"(2) If you have answered question No. 1 'No', then do you find from a preponderance of the evidence that H. A. Carter was prevented from performing his contract entered into with B. F. Irvine on December 14, 1927, by the acts or omissions if any, of the defendant, B. F. Irvine, or any one acting as his agent or by his authority?

"Answer: No."

The court rendered judgment that the plaintiff take nothing by his suit.

## Opinion.

Plaintiff contends that the court erred in permitting the defendant to read in evidence on the trial of this case a transcript of the testimony given by one Woodford, a witness at a former trial of this case. He was introduced as a witness at such trial by defendant and was cross-examined by attorneys representing the plaintiff. He was an internal revenue agent of the federal government. He resided in Dallas and was connected with the internal revenue office there located. He was the agent who personally handled said tax adjustment with defendant and his children. His testimony was material to the controversy between the parties. Plaintiff's objection to the introduction of the transcript of the testimony of said witness was that the same was hearsay and that no predicate for the introduction of the same had been laid.

The substance of the rule with reference to the introduction of the former testimony of an absent witness is that the mere fact that testimony has been given in the course of a former proceeding between the parties to a case on trial is no ground for admitting it in evidence, but that such testimony may be introduced if the witness has since died, become insane or sick and hence unable to testify, if he cannot be found after diligent search, is out of the jurisdiction, or has been kept away from the trial by the opposing party. 10 R. C. L., p. 966; 22 C. J., p. 431, § 517; 3 Jones Commentaries on Evidence, p. 2167 et seq., § 1183. So in this state such testimony is admissible where diligent but futile search has been made to find the absent witness, or where it is shown that he is at the time out of the jurisdiction of the court. Boyd v. St. L. S. W. Ry. Co., 101 Tex. 411, 108 S. W. 813; St. Louis S. W. Ry. Co. v. Boyd (Tex. Civ. App.) 119 S. W. 1154, par.

2 (writ refused); Trinity & B. V. Ry. Co. v. Geary (Tex. Civ. App.) 194 S. W. 458, 460, par. 2 (writ refused); Kurz v. Soliz (Tex. Civ. App.) 231 S. W. 424, par. 1; Baker v. Sands (Tex. Civ. App.) 140 S. W. 520, 521, par. 1. The only one of the exceptions permitting the introduction of such testimony applicable in this case is that the witness was out of the jurisdiction of the court. A witness is not out of the jurisdiction of the court merely because he does not reside in or may not be found in the county in which the trial is had. 3 Jones Commentaries on Evidence, p. 2175. The Court of Civil Appeals at Austin, in the case of Morris v. Davis, 292 S. W. 574, 575, par. 1, after reviewing the authorities in this state, held that though the witness reside outside the county, or even, as in that case, outside the state, if his whereabouts were known and it was reasonably apparent that his deposition could have been taken, his testimony given at a former trial should not be admitted. The Supreme Court refused a writ of error in that case. Since the witness Woodford resided in Dallas and was employed by or served under the collector of internal revenue in that city, and since it was shown that such facts might have been ascertained by defendant by inquiry at the office of such collector, he cannot be said to have been out of the jurisdiction of the court, as that term is construed in the case last cited. Counsel for defendant concede that having failed to take the deposition of the witness Woodford, they have not met the requirements prescribed by the courts of this state and the authorities above cited, but ask this court to extend the rule so as to sanction the introduction of his former testimony on the ground that he was an internal revenue agent, that his testimony concerned the discharge of his duties as such, and that he declined to come and testify in person at the trial. It is provided in the federal code that no revenue agent, except as provided by law, shall divulge or make known the amount or source of income, profits, losses, expenditures, or any particular thereof set forth or disclosed in any income tax return. A violation of said provision is declared a misdemeanor and punishable by fine or imprisonment, or both. 18 USCA, title 18, § 216; Id., 26 USCA §§ 62 and 1025. Restrictions imposed on revenue agents and others by regulations issued by the Treasury Department with reference to disclosures concerning such returns have been held to have the force and effect of law, and to constitute immunity to such agents from enforced disclosures with reference thereto as witnesses in a state

court. Boske v. Comingore, 177 U. S. 459, 20 S. Ct. 701, 44 L. Ed. 846; Stegall v. Thurman (D. C.) 175 F. 813. No such regulations were proved in this case. Said provisions do not, however, furnish any immunity to such agents from being called as witnesses in the courts of this state and examined with reference to facts not within the inhibitions imposed by such statutes or regulations. 40 Cyc., p. 2161, par. 4; 5 Wigmore on Evidence, p. 165, § 2371. We are therefore of the opinion that there was no legal bar which would have prevented the appellee from calling said witness before an officer authorized to take depositions to answer interrogatories in the manner provided by law.

The record discloses that said witness testified at the former trial under a permit from the proper authority. Said permit had been misplaced and there was no effort to establish its contents by secondary evidence. Whether the same applied merely to testimony to be given by the witness at that particular time and place, or testimony to be given by him at any stage of the controversy between the parties, was, of course, not shown. We may reasonably assume that the purpose of such permit was to relax restrictions imposed by the Internal Revenue Department upon disclosures with reference to income tax returns in this particular case. The former testimony of said witness, as contained in the statement of facts, covers twenty pages thereof. Counsel have not attempted in their respective briefs to analyze the same. A cursory examination thereof indicates that material testimony contained therein was not within the inhibition of the statute cited. So regardless of whether said permit was limited to the former trial or continued during the litigation between the parties, appellant was entitled to have his testimony on such issues produced in the manner required by the procedure of this state. Any claim by a witness of immunity from forced disclosure of facts within the statutory inhibitions should ordinarily be made by him when called to testify, and supported by the sanction of his oath. Campbell v. Peacock (Tex. Civ. App.) 176 S. W. 774, 777, par. 8; Sovereign Camp W. O. W. v. Bailey (Tex. Civ. App.) 163 S. W. 683, 684, pars. 3 to 5; 40 Cyc., pp. 2549, 2550; 6 Jones Commentaries on Evidence, p. 4926 (second paragraph). We do not think that the telegram from the witness Woodford to appellee, in which he stated, in substance, that he had not been summoned, that his testimony, in view of restrictions, would be valueless, and that due to his official position he cou'd not be required to testify, constituted any predicate for the introduction of the testimony given by him at a former trial.

Plaintiff's other assignments complain of matters which will not necessarily arise in the same way, if at all, on another trial.

The judgment of the trial court is reversed and the cause remanded.