

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXX

AUSTIN 11, TEXAS



ATTORNEY GENERAL

Honorable Adam R. Johnson
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-2432
Re: Privilege from disclosure under
Section 31 of S.B. No. 36, 46th
Legislature.

We are pleased to reply to your recent letter in which you request the opinion of this department as to whether, under Section 31 of Senate Bill No. 36, 46th Legislature, an employee of the Department of Public Welfare can be compelled to disclose in court, in cases involving private parties, either orally or by the production of the records themselves, any of the facts and information contained in case records of applicants for, or recipients of, old age assistance, without the consent or authorization of such persons.

Section 31 of Senate Bill No. 36, 46th Legislature, provides as follows:

"All records concerning any applicant or recipient contemplated in this Act shall be confidential, and shall be open to inspection only to persons duly authorized by the State, or the United States, to make such inspection in connection with their official duties; provided, however, that factual information in such records shall be available to applicants and recipients or their duly authorized agents; provided, further, that no lists of names of recipients shall be published or distributed for purposes of being made parts of any state, county or city records, or for any other purpose."

In our opinion No. O-2122, to Honorable George H. Sheppard, Comptroller of Public Accounts, it was held by this department, in part, that Section 31 applies to records kept by the Department of Public Welfare and the Comptroller's Department; that the Comptroller's Department is not authorized to allow the general public to examine certain of the records within the purview of Section 31; and that the Comptroller's

Department is not authorized to make certified copies of certain of such records upon application of an individual therefor

You pose the further question as to whether the employees of the Department of Public Welfare, including local county welfare workers, may, nevertheless, be compelled in court to divulge facts and information found in case records involving applicants for, or recipients of, old age assistance.

There can be no doubt but that such case records are within the purview of Section 31 and are protected from disclosure by this statute. It remains only to ascertain if such extends to processes of the courts, and, if so, if such is a valid statutory enactment.

The United States Supreme Court in the case of BOSKE vs. COMINGORE, 177 U.S. 459, 20 Sup. Ct. 701, 44 L. Ed. 846, upheld a regulation of the Secretary of Treasury, authorized by appropriate Federal statutes, forbidding his subordinates to allow the use of official papers in their custody except for the purpose of aiding the collection of the revenues of the United States. The case involved facts where a collector of internal revenue had been adjudged in contempt of a Kentucky state court for refusing, while giving his deposition , to file copies of reports in his custody. In affirming the order of the United States District Court discharging the collector from the custody of the sheriff, the court declared at p. 469:

> "* * * This being the case, we do not perceive upon what ground the regulation in question can be regarded as inconsistent with law, unless it be that the records and papers in the office of a collector of internal revenue are at all times open of right to inspection and examination by the public, despite the wishes of the department. That cannot be admitted. The papers in question copies of which were sought from the appellee were the property of the United States, and were in his official custody under a regulation forbidding him to permit their use except for purposes relating to the collection of the revenues of the United States. Reasons of public policy may well have suggested the necessity, in the interest of the government, of not allowing access to the records in the offices of collectors of internal revenue, except as might be directed by the Secretary of the Treasurer. The interests of persons compelled, under the revenue laws, to furnish information as to their private business affairs would often be seriously affected if the disclosures so made were not properly guarded * * *"

The holding of this case was recognized as correct in the Texas case of CARTER vs. IRVINE, 77 S.W. (2d) 247, in this language:

"* * * Restrictions imposed on revenue agents and others by regulations issued by the Treasury Department with reference to disclosures concerning such returns have been held to have the force and effect of law, and to constitute immunity to such agents from enforced disclosures with reference thereto as witnesses in a state court * * *"

The principles in the matter at hand are recognized by Prof. Wigmore in his exhaustive treatise on Evidence, wherein it is declared:

"There are, then, seven or eight distinct principles which in superficial features tend often to be confounded . . . (f) There is a genuine communications--privilege, permitting secrecy for communications by informers to official prosecutors, by parties or witnesses to a judge, and by citizens making compulsory reports to the state. * * *

"The policy underlying the principle of paragraph 2374, ante, is that where the government needs information for the conduct of its functions, and the persons possessing the information need the encouragement of privacy in order to be induced freely to make full disclosure, the protection of a privilege should be accorded * * *

"It is some such principle that justifies the modern creation of a number of privileges, all statutory in origin, covering sundry matters required by law to be reported to some administrative official. * * *

"(5) Family facts, required to be disclosed to census officials, fall within the principle, as well as facts of personal history in general, disclosed in the administration of various social welfare acts. (citing certain of the social welfare acts of Texas)." (Wigmore on Evidence, Vol. 8, p. 733, 734, 761, 773, 774, ¶ ¶ 2367, 2377).

This principle of privilege from disclosure is embodied in Section 31 of Senate Bill No. 36. It expressly provides that:

"All records concerning any applicant or

recipient contemplated in this act shall be con-
fidential, and shall be open to inspection only
to persons duly authorized by the  state, or the
United States, to make such inspection in connec-
tion with their official duties."

The only exception is that the factual information shall be
available to the applicants and recipients, or their agents.
The legislative intent is entirely free from doubt that the
disclosure of the facts and information in the case records to
the public, or to an individual, or in court orally, or by the
bringing of the records into court under any process, is for-
bidden.  No constitutional or statutory provision is offended
by this prohibition.  The principle of privilege which protects
from disclosure, through the testimony of government officials,
of facts communicated to administrative officials, is, in our
opinion, as embodied in Section 31, a valid exercise of legis-
lative authority.

Accordingly, you are respectfully advised that it is
the opinion of this department that employees of the Department
of Public Welfare, including local county welfare workers, can-
not be compelled to appear in court, in cases involving private
parties, and testify as to certain facts or information contain-
ed in case records concerning individuals who apply for or
receive old age assistance and, further, may not be compelled,
under a subpoena duces tecum, to bring such records into court
and disclose the facts and information therein contained.

Trusting that we have adequately answered your inquiry,
we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Zollie C. Steakley
Zollie C. Steakley
Assistant

ZCS:EP:wc

APPROVED JUN 7, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman