

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXSON
ATTORNEY GENERAL

Honorable John H. Winters
Executive Director
State Department of Public Welfare
Austin 3, Texas

Dear Sir:

Opinion No. O-6894
Re: The Department of Public Welfare
should not permit an official of
the Treasury Department to in-
spect and make photostatic copies
of certain records relating to
old age assistance recipient,
whose son is being investigated
for income tax liability.

Your recent letter addressed to this office states that the Treasury Department, Internal Revenue Service, has requested the Department of Public Welfare to permit an official of the Treasury Department to inspect and make photostatic copies of pertinent papers contained in your records relating to an old age assistance recipient whose son is being investigated for income tax liability. You desire this departments opinion as to whether or not the information requested by the Internal Revenue Service of the Treasury Department should be disclosed to the Treasury Department, based either upon an informal re- quest or in the court, should the Treasury Department issue a subpoena duces tecum.

The Social Security Act, (Title 42, U.S.C.A. par 302) provides:

"(a) A State plan for old-age assistance must . . . (8) effective July 1, 1941, provide safeguards which restrict the use or disclosure of informantion concerning applicants and recipients to purpose di- rectly connected with the administration of old-age assistance."

Pursuant to this mandatory provision of the Federal statute our statutes (Vernon's Annotated Civil Statutes, Art. 695c, Sec. 23) provides as follows:

"Sec. 33. (1) It shall be unlawful, except for purposes directly connected with the administration

of general assistance, old age assistance, aid to the blind, or aid to dependent children, and in accordance with the rules and regulations of the State Department, for any person or persons to solicit, disclose, receive, make use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of, any list of, or names of, or any information concerning, persons applying for or receiving such assistance, directly or indirectly derived from the records, papers, files, or communications of the State Department or subdivisions or agencies thereof, or acquired in the course of the performance of official duties.

"(2) The rule-making power of the State Department shall include the power to establish and enforce reasonable rules and regualtions governing the custody, use, and preservation of the records, papers, files, and communications of the State Department and its local offices. Wherever, under provisions of law, names and addresses of recipients of public assistance are furnished to or held by any other agency or department of government, such agency or department of government shall be required to adopt regulations necessary to prevent the publication of lists thereof or their use for purposes not directly connected with the administration of public assistance.

The Internal Revenue Code (Title 26 U.S.C.A.) par. 3614, is as follows:

"(a) To determine liability of the taxpayer. The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons.

"(b) To determine liability of a transferee. The Commissioners, for the purpose of determining

the liablility at law or in equity of a transferee
of the property of any person with respect to any
Federal taxes imposed upon such person, is hereby
authorized, by any officer or employee of the Bureau
of Internal Revenue, including the field service,
designated by him for that purpose, to examine any
books, papers, records, or memoranda bearing upon
such liability, and may require the attendance of
the transfer or transferee, or of any officer or
employee of such person, or the attendance of any
other person having knowledge in the premises, and
may take his testimony with reference to the matter,
with power to administer oaths to such person or
persons." (Underscoring ours for emphasis)

The Internal Revenue (Title 26 U.S.C.A.) par. 3633,
further provides as follows:

"(a)  To enforce summons.  If any person is
summoned under the internal revenue laws to appear,
to testify, or to produce books, papers, or other
data, the district court of the United States for
the district in which such person resides shall
have jurisdiction by appropriate process to com-
pel such attendance, testimony, or production of
books, papers, or other data."

Paragraph 3797 of the Internal Revenue Code, (Title 26
U.S.C.A.) entitled "Definitions" provides that:

"(a)  when used in this title, where not other-
wise distinctly expressed or manifestly incompatible
with the intent thereof -

"(1) person.  The term 'person' shall be con-
strued to mean and include an individual, a trust
estate, partnership, company, or corporation.

"(2)  Partnership and partner.  The term 'part-
nership' includes a syndicate, group, pool, joint
venture, or other unincorporated organization,
through or by means of which any business, financial
operation, or venture is carried on, and which is
not, within the meaning of this title, a trust or
estate or a corporation; and the term 'partner'
includes a member in such a syndicate, group, pool,
joint venture, or organization."

It should be noted that the Public Welfare Act of 1939,
repealed by the present Public Welfare Act of 1941, contained a

corresponding provision to V.A.C.S., Art. 695c, Sec. 33, supra. Referring to the records of the Public Welfare Department, the Act of 1939 provides that such records "shall be open to inspection only to persons duly authorized by the State, or the United States, to make such inspection in connection with their official duties." It is also to be noted that in 1939 the Social Security Act was amended by Congress by adding subdivision 8 to Section 302, supra, and in obedience to the Congressional mandate the Texas Public Welfare Act of 1941 made no such exception.

The United States Supreme Court, in the case of Boske vs. Comingore, (1899) 177 U.S. 459, 44 L. ed. 846, 20 S.C.R. 701, upheld the regulation of the Secretary of Treasury in prohibiting the use of Internal Revenue Collector for any other than purposes of collecting revenues and further that a collector of Internal Revenue cannot be held under State process on refusal to produce such records. This case involved facts where a collector of Internal Revenue had been adjudged in contempt of a Kentucky State Court for refusing, while giving his deposition, to file copies of reports in his custody. In affirming the order of the United States District Court discharging the Collector from the custody of the Sheriff, the court declared at pages 469-70 that:

"... This being the case, we do not perceive upon what ground the regulation in question can be regarded as inconsistent with law, unless it be that the records and papers in the office of a collector of internal revenue are at all times open of right to inspection and examination by the public, despite the wishes of the Department. That cannot be admitted. The papers in question, copies of which were sought from the appellee, were the property of the United States, and were in his official custody under a regulation forbidding him to permit their use except for purposes relating to the collection of the revenue of the United States. Reasons of public policy may well have suggested the necessity, in the interest of the Government, of not allowing access to the records in the offices of collectors of internal revenue, except as might be directed by the Secretary of the Treasury. The interests of persons compelled, under the revenue laws, to furnish information as to their private business affairs would often be seriously affected if the disclosure so made were not properly guarded. Besides, great confusion might arise in the business of the Department if the Secretary allowed the use of records and papers in the custody of collectors to depend upon the discretion or judg-

ment of subordinates. At any rate, the Secretary deemed the regulation in question a wise and proper one, and we cannot perceive that his action was beyond the authority conferred upon him by Congress. . . . . . . . "

In Carter vs. Irvine (Waco Court of Civil Appeals 1934) 77 S.W. 2d 247, the court at page 249 said:

". . . It is provided in the federal code that no revenue agent, except as provided by law, shall divulge or make known the amount or source of income, profits, losses, expenditures, or any particular thereof set forth or disclosed in any income tax return. A violation of said provision is declared a misdemeanor and punishable by fine or imprisonment, or both. 18 USCA, title 18, Sec. 216; Id., 26 USCA Sections 62 and 1025. Restrictions imposed on revenue agents and others by regulations issued by the Treasury Department with reference to disclosures concerning such returns have been held to have the force and effect of law, and to constitute immunity to such agents from enforced disclosures with reference thereto as witnesses in a state court. Boske v. Comingore, 177 U.S. 459, 20 S. Ct. 701, 44 L. Ed. 846; Stegall v. Thurman (D.C.) 175 F. 813."

It is therefore the opinion of this department that the State Department of Public Welfare should not permit an official of the Treasury Department to inspect and make photostatic copies of the records relating to an old age assistance recipient, whose son is being investigated for income tax liability.

However, in the event you are subpoenaed to appear and produce the records, before doing so we suggest that you consult this office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

DW:zd:wc

By s/David Wuntch
David Wuntch
Assistant

APPROVED NOV 23, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman