Guy MOORE, Appellant,

v.

Robert Lee SPENCER, Appellee.

No. 7698.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 25, 1966.

Harry Friedman, Harkness & Friedman, Texarkana, for appellant.

Cahill Hitt, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a common law tort action. The judgment of the trial court is affirmed.

Guy Moore, the appellant, following an automobile collision brought this suit as plaintiff to recover damages for personal injury and property damage from appellee Robert Lee Spencer, the defendant in the court below. In the first trial of the case Police Officer Fred Hazlett testified in person as a fact witness and underwent cross-examination by appellant's counsel. A mistrial resulted because the jury could not agree upon a verdict. The case was tried a second time, and this is an appeal from a take nothing judgment rendered therein. The jury found Robert Lee Spencer's negligence in several particulars was the proximate cause of the collision, but that Guy Moore's contributory negligence in failing to keep a proper lookout was a proximate cause also.

Police Officer Hazlett was not present to testify at the second trial. During the second trial Spencer's counsel tendered a transcript of a part of the officer's first trial testimony to be read to the jury. Objection that such testimony was hearsay was interposed, but the trial judge permitted Hazlett's previous testimony to be read to the jury.

Preliminary to the admission of Hazlett's first trial testimony evidence was offered that between the time of the first and second trial Hazlett came by the office of Spencer's counsel and advised him that he had been employed by the Federal Prison Bureau as a guard at McAlester, Oklahoma,

and that he was leaving Texas. Before the second trial date Spencer's counsel investigated the witness's whereabouts and found that Hazlett had moved from the residence he formerly occupied in Bowie County. In a period shortly preceding the second trial a subpoena summoning Hazlett as a witness in the case issued out of the trial court and the Sheriff's Return on the instrument recites that it was not executed because Hazlett was "out of state".

Evidence adduced in previous proceedings, considered as hearsay, is admissible as an exception to the hearsay rule when a proper foundation is laid for its reception. The rule, fully supported by authoritative decision, is stated in 1 Texas Law of Evidence 719, Sec. 941, in this language:

"* * * statements made in evidence upon a previous judicial proceedings may be received upon a subsequent trial as evidence of the truth of such statements where the witness who gave the evidence upon the former hearing is now dead or unavailable, provided the party against whom the evidence is now offered (or some one else claiming under the same right or title) had the opportunity to cross-examine the witness at the former trial upon the same issue as that upon which the evidence is now offered."

This rule is modified to some extent in criminal cases by Article 750, Code of Criminal Procedure, but in civil cases it has been consistently held that the absence of a witness from the state is such unavailability as to render his former testimony admissible. Trinity & B. V. R. Co. v. Geary (1917, Galveston) Tex.Civ.App., 194 S.W. 458, 459 (Syl. 2), error refused; Kurz v. Soliz (1921, San Antonio) Tex.Civ.App., 231 S.W. 424 (Syl. 1); Baker v. Sands (1911, Austin) Tex.Civ.App., 140 S.W. 520 (Syl. 1); Morris v. Davis (1927, Austin), Tex.Civ.App.; 292 S.W. 574; Carter v. Irvine (1934, Waco) Tex.Civ.App., 77 S.W.2d 247.

The appellant does not express disagreement with the rule but challenges the sufficiency of the proof that officer Hazlett was out of state and unavailable as a witness, asserting "The basic issue in this case is whether hearsay testimony is sufficient to lay the predicate for the admission of testimony of a witness at a previous trial, when the testimony of that witness is the key testimony of the whole lawsuit". The specific contention is that evidence that Hazlett stated out of the presence and hearing of appellee, Guy Moore, that he was going to McAlester, Oklahoma, to work as a guard for the Bureau of Prisons is hearsay and without probative force as to Moore, as is the other evidence relating the details of an investigation undertaken to ascertain Hazlett's whereabouts. The same infirmity, that it is hearsay evidence, is said to render the Sheriff's Return ineffectual as probative evidence.

The Sheriff's Return is probative evidence that Hazlett was outside the State of Texas and as a public record was admissible as an exception to the hearsay rule. Art. 3731a, Vernon's Ann.Tex.Civ. St.; Evidence, 32 C.J.S. Evidence § 633, p. 803; 20 American Jurisprudence 844, Sec. 995; Witness, 61 Texas Jurisprudence 2d 535, Sec. 12; 2 Texas Law of Evidence 151, Sec. 1280. The return was made in the performance of a duty placed upon the Sheriff by law. Rule 178, Vernon's Ann.Tex. Rules of Civil Procedure. The record contains no evidence contradicting the Sheriff's Return. The return itself does not show the fact stated therein to be hearsay or a conclusion based upon hearsay. Whether the other evidence tending to show Hazlett to be out of Texas is sufficient as a basis for the admission of Hazlett's first trial testimony, in the absence of the Sheriff's Return, is not a decisive issue in this appeal. The judgment of the trial court is affirmed.