**LIVINGSTON v. STUBBS et al.**

**No. 2313.**

Court of Civil Appeals of Texas. Waco.

April 24, 1941.

Rehearing Denied May 22, 1941.

Walter T. Thomason, of Wortham, for appellant.

Bryant & Williford, of Wortham, for appellees.

HALE, Justice.

This suit was instituted in the 87th District Court of Freestone County during the year 1939 by appellant, Sarah Livingston, against appellees, Van Hook Stubbs and George Stubbs, individually and as independent executors of the estate of J. J. Stubbs, deceased, as an action in trespass to try title to 66½ acres of land situated in that county. In addition to the statutory grounds for such action, appellant alleged in her trial petition that on November 4, 1930, J. J. Stubbs recovered judgment against her and her husband, Will Livingston, in the 77th District Court of Freestone County for the sum of $930.07 and attorney's fees claimed to be due on purchase money notes given for the land in controversy, together with a foreclosure of the lien securing the payment of said notes; that on January 1, 1931, J. J. Stubbs took possession of a part of the land and on February 3, 1931, the sheriff of Freestone County, acting under an order of sale issued on the judgment aforesaid, sold said land to J. J. Stubbs for the sum of $100; that the judgment, order of sale and sheriff's deed were each void and, if not, then they were each voidable and erroneous because of certain irregularities therein alleged. She prayed judgment for title and possession of the land, for cancellation of the sheriff's deed and for removal of the cloud cast upon her title by reason thereof.

Appellees answered with a plea of not guilty and pleaded specifically the 3, 4, and 5 year statutes of limitation in bar of the recovery sought and in addition thereto appellee, Van Stubbs, duly filed his cross-action against appellant in trespass to try title, seeking to recover said land and he again plead the 3 and 5 year statutes of limitation in part as a basis for the affirmative relief so sought by him.

Upon the conclusion of the testimony, the court instructed the jury to return their verdict against appellant and in favor of appellee, Van Stubbs, on his cross-action, and such verdict having been returned, the court rendered judgment in accordance therewith.

Appellant contends that the trial court erred in peremptorily instructing the jury and in rendering judgment against her because of the alleged irregularities in the prior foreclosure proceedings had in the 77th District Court. It is readily apparent that her right of recovery must stand or fall upon the success or failure of her attack upon such proceedings. And, as we view the case, the competency of such attack is dependent primarily upon two controlling questions of law, viz.: (1) Whether the same is a direct or a collateral attack, and (2) whether the judgment of foreclosure is void as distinguished from being erroneous or voidable only.

In the early case of Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, the Supreme Court of Texas clearly set forth the distinction between a direct and a collateral attack on a judgment. Tested by the principles there enunciated, we think the attack here sought to be made upon the prior judgment of foreclosure is a collateral one. The evident purpose of the complaints urged by appellant is not to amend, correct, reform or vacate the prior judgment, but is rather to avoid the binding force of the same in a subsequent action in trespass to try title to the land involved in the former proceedings. Furthermore, the present action was not instituted or tried in the same court that rendered the judgment under attack, and the fact that both courts had concurrent jurisdiction in Freestone

County does not alter the requirement that a direct attack upon a judgment must be made in the court rendering the same. See Empire Gas & Fuel Co. v. Albright, 126 Tex. 485, 87 S.W.2d 1092, point 4 page 1096 and cases there cited.

We are also of the opinion that the judgment of foreclosure was not a void judgment, but that it was at most only erroneous or voidable. It may be assumed for the purpose of this appeal that the pleadings and evidence in the instant case were sufficient to raise issues of fact as to irregularities in one or more of the several extension agreements of the original indebtedness and lien sued upon in the 77th District Court, or that the personal judgment therein rendered against appellant as a married woman was erroneous, or that there were defects in the order of sale and notice of the same, or that the sale was made for an inadequate price, all as claimed by appellant; but such errors and irregularities, if any, do not render the foreclosure proceedings void, because, as said by the Supreme Court in the case of Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876, 877: "Where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause in which it has jurisdiction over the person of the defendant and the subject-matter of the controversy, such judgment is never void, no matter how erroneous it may appear, from the face of the record or otherwise."

The judgment of foreclosure in the 77th District Court was rendered upon a petition which stated a valid cause of action for a personal judgment against Will Livingston, with a foreclosure of the asserted lien against the defendants therein, and such judgment recited upon its face that "the defendants, though duly cited, failed to appear." Not only so, but the citation and sheriff's return thereon, which were each introduced in evidence, show that such citation was duly issued and properly served on each of the defendants at the time and in the manner required by law. There was no pleading or proof tending in anywise to show that the court did not have jurisdiction over the person of both of the defendants, or over the subject matter of the controversy, at the time when the judgment complained of was rendered.

Since the judgment of foreclosure is not void, it is not subject to the collateral attack here urged and therefore we hold that the trial court did not err in instructing the jury to return their verdict against appellant. Green v. Jackson, Tex.Civ.App., 271 S.W. 638, error dismissed; Guaranty State Bank v. Kuehler, Tex.Civ.App., 114 S.W.2d 622, error refused; Smith v. Pegram, Tex. Civ.App., 80 S.W.2d 354, error refused; Snell v. Knowles, Tex.Civ.App., 87 S.W.2d 871, error dismissed; Metropolitan Life Ins. Co. v. Pribble, Tex.Civ.App., 130 S.W. 2d 332, error refused.

The evidence shows without dispute that L. B. Gamewell conveyed the 66½ acres in controversy to Will Livingston by deed dated November 25, 1906, in consideration of $155 cash and $293.75 evidenced by a series of vendor's lien notes; that such notes and the lien securing the same were in due course sold and transferred to J. J. Stubbs by assignment dated February 20, 1915, and recorded in the Deed Records of Freestone County; that the balance due on said notes was from time to time attempted to be renewed and the lien securing the payment thereof extended by written recorded instruments; that the last renewal and extension agreement was duly signed and acknowledged by Will Livingston and appellant on December 21, 1927, and was promptly recorded, reciting a balance of $758.25 due on said notes to thereafter become payable in four equal annual installments, with 8% interest and contingent attorney's fees and accelerating maturity clause, the first installment to become due and payable on January 1, 1929; that on April 9, 1930, J. J. Stubbs filed suit for judgment and foreclosure of his lien and on February 11, 1931, after he had acquired title to the land by sheriff's deed, he conveyed the same by warranty deed to George Stubbs, and on December 20, 1932, George Stubbs conveyed the same by warranty deed to Van Stubbs; that George Stubbs paid the taxes accruing against said land for the years 1931 and 1932 and Van Stubbs paid the taxes for the years 1933 to 1939 inclusive; that the taxes due to the State and County were so paid each year before becoming delinquent and the school tax was paid before becoming delinquent for the years up to and including 1936.

Van Stubbs testified without objection that George Stubbs and he, during the time while each owned said land, rented the same each year to Will Livingston until the latter's death in 1939, and that he heard nothing of any adverse claim to his title during that time. There was no evidence showing, or in any wise tending to show, that Will Livingston or appellant ever paid,

or offered to pay, the purchase money notes above described, or that the amount of the indebtedness evidenced by said notes and the renewals thereof was any less than the sum claimed to be due in the foreclosure suit.

In our opinion, there was no material or controlling issue of fact to be submitted to the jury concerning the claims of the respective parties for the affirmative relief sought by each. Under the pleadings and the evidence, and the law applicable thereto, the judgment appealed from was the only judgment which could have been properly rendered and therefore all of appellant's assignments are overruled, and the judgment of the trial court is affirmed.