**J. B. KERBY et al., Appellants,**

v.

**Ben OGLETREE et al., Appellees.**

No. 6173.

Court of Civil Appeals of Texas.

Beaumont.

April 24, 1958.

Rehearing Denied May 21, 1958.

Kirby Kelley, Shepherd, Jeff Cockran, Cleveland, Borden Seaberry, Weatherford, for appellants.

Hollers & O'Quinn, Austin, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Robert F. Atkins, Cold Springs, V. A. Collins, Livingston, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in a suit in trespass to try title in the district court of San Jacinto County. Appellants, J. B. Kerby, et al., brought suit for title and damages to a 319 acre tract of land in the Uriah Gibson Survey in San Jacinto County. The appellees, Ben Ogletree, et al., answered by plea of not guilty, general denial and pleas of five and ten year statutes of limitations, Vernon's Ann.Civ.St. arts. 5509, 5510.

The chains of title of both the appellants and the appellees come from a common source, James H. Webb. Appellees claim title through Joseph Adams, by virtue of a deed from James H. Webb to Joseph Adams, dated August 12, 1872, and filed for record April 9, 1934. The appellants claim through a deed from James H. Webb to S. H. Wills, dated October 20, 1876, recorded June 19, 1880, and a deed from S. H. Wells of Orleans Parish, Louisiana, to J. B. Kerby, dated September 3, 1921, and recorded September 29, 1921.

The appellees introduced in evidence a quitclaim deed from John L. Wills, dated June 14, 1934, and an affidavit of heirship by John L. Wills that he was the only heir of S. H. Wills, deceased, and his wife, Nancy Elizabeth Wills.

The land in suit is the same land, the title to which was in litigation in the case of Fenley v. Ogletree, 277 S.W.2d 135, decided by this court. Writ of error was refused by the Supreme Court, no reversible error. In that case, Ogletree, et al. sued Fenley, et al., in trespass to try title and for damages for timber cutting. Fenley, et al. defended, in part, on the ground that there was an outstanding title in J. B. Kerby, who was not a party to that suit. In the instant suit Kerby was one of the plaintiffs in the trial court and is one of the appellants here. The validity of Kerby's title is the principal matter of controversy here.

In September, 1921, at the time Kerby obtained his deed from S. H. Wells

and filed it of record, the 1872 deed from Webb to Adams was not of record. It was executed, however, prior to the 1876 deed from Webb to S. H. Wills. As it was determined and pointed out in Fenley v. Ogletree, Tex.Civ.App., 277 S.W.2d 135, the burden was therefore upon Kerby, et al., as plaintiffs in the present suit, to establish that S. H. Wills and S. H. Wells were one and the same person and that Kerby, at the time he secured his deed in 1921, or Wills, at the time he secured his deed in 1876, was an innocent purchaser for value. Evidence on these issues was introduced. The trial court submitted the following special issues to the jury, and the jury answered them as indicated:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that at the time that J. B. Kerby obtained said deed, dated September 3, 1921, that he bought the same without notice that Joseph Adams was claiming an interest in said land?

"Answer: 'He did have notice' or 'He did not have notice.'

"Answer: *He did have notice*

"In connection with this issue, you are instructed that by the term 'notice', as used herein, is meant either that he had actual knowledge thereof or that he had knowledge and information of such facts as would put a reasonably prudent person upon inquiry as to whether he was making any claim, from which inquiry, if made, he would have ascertained the facts as to the claim.

"Special Issue No. 2

"Do you find from a preponderance of the evidence that at the time that J. B. Kerby obtained said deed, dated September 3, 1921, that his agent J. Howard West, was without notice that Joseph Adams was claiming an interest in said land?

"Answer: 'He did have notice,' or 'He did not have notice.'

"Answer: *He did have notice*

"In connection with this issue, you are instructed that by the term 'notice', as used herein, is meant either that he had actual knowledge thereof or that he had knowledge and information of such facts as would put a reasonably prudent person upon inquiry as to whether he was making any claim, from which inquiry, if made, he would have ascertained the facts as to the claim.

"If you have answered Special Issue No. 1 and 2 'He did not have notice', and only in that event, then answer:

"Special Issue No. 3.

"Do you find from a preponderance of the evidence that the plaintiff, J. B. Kerby, paid a valuable consideration for the land in question described in the deed to him dated September 3, 1921, recorded in Volume 15, Page 320, Deed Records of San Jacinto County, Texas?

"Answer: 'Yes' or 'No'.

"Answer: ————

"In connection with the above and foregoing Special Issue, you are further instructed that the term 'valuable consideration,' as used herein means a consideration of some value. It does not mean that it must be an adequate consideration, but it means something more than nominal consideration, and must be a consideration in keeping with the value of the land described in said deed of September 3, 1921.

"Special Issue No. 4.

"Do you find from a preponderance of the evidence that 'S. H. Wells,' the grantor in the deed to J. B. Kerby, which is of date September 3, 1921, was one and the same person as 'S. H.

Wills,' grantee in the deed from James H. Webb, of date October 20, 1876?

"Answer: 'He was the same person,' or 'He was not the same person.'

"Answer: *He was not the same person.*"

On the verdict of the jury the trial court entered judgment that the appellants take nothing by their suit, and that the property described "be adjudged in defendants herein free and clear of any claim, right or title of the plantiffs and intervenors." The appellants filed their motion for new trial and when said motion was overruled they have perfected their appeal to this court.

The appellants bring their appeal under 19 points of error. By their first five points, which are briefed together, they say this case should be reversed because the verdict of the jury was contrary to the overwhelming evidence and the law, was wrongful and manifestly unjust, denied the rights of appellants, and caused or probably caused the rendition of an improper judgment; because the jury failed to answer Special Issue No. 3, as predicated by the trial court, and such failure was wrongful and unjust and caused or probably caused the rendition of an improper verdict and judgment; because the finding of the jury in answer to Special Issue No. 1 was not supported by the overwhelming evidence, was contrary thereto, was wrongful and unjust, and caused or probably caused the rendition of an improper judgment; because the finding of the jury, in answer to Special Issue No. 2, was not supported by the overwhelming evidence, was contrary thereto, was wrongful and unjust, and caused or probably caused the rendition of an improper judgment; because the finding of the jury, in answer to Special Issue No. 4, was not supported by the overwhelming evidence, was contrary thereto, was wrongful and unjust, and caused or probably caused the rendition of an improper judgment.

Points Nos. 6 through 14 contend that the case should be reversed because the judgment of the trial court was contrary to the evidence and the law, denied the rights of the appellants and was wrongful and manifestly unjust; because the trial court erred in refusing to submit the issue that J. B. Kerby acted in good faith in purchasing in 1921 the lands in controversy; because the trial court erred in submitting Special Issue No. 3 with the conditional precedent thereto regarding valuable consideration; because the trial court erred in refusing to submit their Special Requested Issue No. "E" regarding valuable consideration; because the trial court erred in submitting Special Issue No. 1 and its definition of notice therewith; because the trial court refused to submit their Special Requested Issue No. "B" regarding notice; because the trial court erred in submitting Special Issue No. 2 with its definition of notice therewith; because the trial court erred in submitting to the jury Special Issue No. 4 regarding idem sonans of S. H. Wells and S. H. Wills; because the trial court refused to submit their Special Requested Issue No. "A" and the requested instruction regarding idem sonans and ancient instruments.

By their 15th point they contend that this case should be reversed because they proved that they had fee simple and superior title to the lands in controversy, and were entitled to recovery and judgment in their favor on the strength of their own title.

By their 16th, 17th, 18th, and 19th points they say the case should be reversed because the appellees on their burden of proof failed to prove title in favor of appellees; because the trial court erred in allowing the introduction in evidence of the deed from James H. Webb to Joseph Adams, dated August 12, 1872, filed April 2, 1934; because appellees on their burden of proof failed to prove title in themselves as the purported successors of Joseph Adams; because appellees on their burden of proof failed to prove title in themselves as the purported heirs or successors of S. H. Wills.

We think the determination of this appeal is found in the finding of the jury that S. H. Wells, the grantor in the deed to J. B. Kerby, was not the same person as S. H. Wills, grantee in the deed from James H. Webb. If Wells was not the same person as Wills, then the appellants Kerby, et al., have shown no record title in themselves and could not recover as plaintiffs in the trial court.

■ Identity or similarity of name is always some evidence of identity of person. However, the conclusiveness of this rule depends upon whether the issue is seriously contested. If there is no controverting evidence, proof of identity or similarity of name will suffice. The rule is different, however, and additional evidence on the issue must be introduced, if there is any testimony tending to cast suspicions upon the theory or to rebut the presumption of identity. In other words, identity or similarity of name is only prima facie evidence of identity of person, 30–B Tex.Jur. 113.

In the case of Blunt v. Houston Oil Co., Tex.Civ.App., 146 S.W. 248, 251, writ refused, the issue was whether James Blunt, to whom the land was granted, was the same James Blunt who was the ancestor of plaintiffs, which the jury answered in the negative.

The Court said:

" 'If the issue is that the deed was not executed by the person in question, then the identity of the person is put in direct issue, and, if evidence be introduced tending to prove that the person who executed the deed was not the person in question, similarity of name alone will not be sufficient to establish the fact.'

"Not only was the evidence sufficient to cast a suspicion upon the identity of plaintiffs' ancestor as the grantee of the land, but it was sufficient to support the finding of the jury that he was not. In view of this evidence, if appellants had introduced no evidence of identity except that afforded by the similarity of the name of their ancestor with the original grantee, we think it clear that the court should have instructed a verdict against them."

■ The evidence in the case raised the question of whether Wells or Wills were the same person. The deed from Wells recited that he. was "of the Parish of Orleans, State of Louisiana" and was executed at New Orleans, Louisiana.

Appellees offered in evidence testimony to show that S. H. Wills was a physician; that he formerly lived in Madison County, near Midway, the same area where James H. Webb resided, that he removed from Madison County to Limestone County where he died in the year 1881. The affidavit of John L. Wills, the son of S. H. Wills, was introduced in evidence. In this affidavit John L. Wills stated under oath that he was 59 years of age and had lived in Tarrant County since 1911. That his father's name was Saladine Harris Wills, that his mother's name was Nancy Elizabeth Wills; that he was born in Limestone County in the year 1881, and that his mother, Nancy Elizabeth Wills, died in the year 1922, and that he was the sole surviving heir of the said Saladine Harris Wills and Nancy Elizabeth Wills. There was likewise introduced an affidavit of heirship of John L. Wills dated September 25, 1939, which was recorded in the Deed Records of San Jacinto County, Texas, on October 3, 1939 in which he stated under oath that Dr. S. H. Wills who died in 1881, had practiced medicine in Madison County prior to moving to Limestone County.

In addition thereto, appellees offered in evidence on the issue of identity of S. H. Wills, deceased, proceedings in the estate of S. H. Wills, deceased, filed in the County Court of Limestone County, Texas. The application to probate the will of S. H. Wills was filed on November 24, 1881, and shows that S. H. Wills died in Limestone County, Texas, on September 3, 1881. The evidence, plus the affidavit of John L. Wills,

shows that the S. H. Wills who died in Limestone County in 1881 had formerly resided in Madison County, the same County where James H. Webb lived at the time he executed said deed dated October 20, 1876, to S. H. Wills.

We think this evidence is sufficient to require the submission of the issue and to support the finding of the jury. We therefore overrule appellants' points of error Nos. 1, 5, 6, 13, 14 and 15.

■ The appellants' 2nd and 8th points complain of the conditional submission of Special Issue No. 3 in the court's charge, and the jury's failure to answer said issue. These points present no error. No objection was made to the submission of said issue, conditioned upon whether the jury answered Special Issue Nos. 1 and 2 in a certain manner. Under the authority of Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, such failure to object waives the right to have the issue answered.

■ Under their 17th point the appellants attack the validity of the deed from James H. Webb to Joseph Adams. They objected to its introduction in evidence, contending that the certificate of acknowledgement was improper. The acknowledgement to the deed from Webb to Adams is as follows:

"The State of Texas ⎱
County of Madison ⎰

"This day personally appeared before me C. G. Scott an acting Justice of the Peace in and for the County aforesaid & Exofficio Notary Public thereof, James H. Webb to me well known and whose genuine signature appears to the annexed & foregoing deed, who acknowledged the same to be his act & deed freely & voluntarily made for the purpose & consideration therein contained.

1. Now Vernon's Ann.Civ.St. art. 2376.

"Given under my hand and notorial seal on this the 12th day of August A. D. 1872.

"C. G. Scott, J. P. Exofficio
"(Seal)     N.P.M.C."

The body of the acknowledgement, taken in connection with the signature shows that C. G. Scott was acting in the capacity of Justice of the Peace and Exofficio Notary Public and not "an acting Justice of the Peace". It is to be noted that following his signature to the acknowledgement it does not show that he signed the same as "acting Justice of the Peace" but on the contrary as "J. P. Exofficio N.P.M.C.", and that as a Justice of the Peace he was an Exofficio Notary Public of Madison County, Texas. Furthermore the assertion that up to and through the year 1872 a Justice of the Peace was not authorized to take an acknowledgement to the conveyance of land is incorrect.

The Constitution of 1869, Art. 5, Sec. 20, Vernon's Ann.St., provides:

"Justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law. * :* * Justices of the peace shall also be commissioned to act as notaries public."

Furthermore, Acts of the 12th Legislature, Chapter LXV, Sec. 16,[1] provides:

"Justices of the Peace shall be commissioned by the Governor to act as Justices of the Peace in their respective precincts, and also to act as Notaries Public." Gammel's Laws of Texas, Vol. 6, pp. 261, 278. Approved August 13, 1870.

Section 29, at p. 281 of the same Act[2] provides further:

"It shall be lawful for Justices of the Peace to appoint deputies to transact business and sign their name to any documents pertaining to their business, either as Justices or Notaries Public * * *."

2. Now Vernon's Ann.Civ.St. art. 3902.

The action of the trial court in overruling objections to this deed was not error.

We have examined all of the appellants' remaining points and the numerous citations of authorities under them and have concluded that they present no error requiring a reversal of the judgment in this case. They are accordingly overruled.

Both the appellants and the appellees devote a great deal of analysis and argument to the question of whether the appellants showed that Kerby was an innocent purchaser for value. We have considered at length such arguments, together with the statement of facts, and have concluded that the jury's findings against the appellants on those two issues are supported by the evidence, and that such findings are not against the preponderance of the evidence. As we have indicated above in this opinion, the determination by the jury that Wells and Wills were not the same person precludes a recovery by the appellants as plaintiffs in the trial court, no matter what the findings of the jury may have been on the two issues involving the question of innocent purchaser for value.

We find no reversible error presented by the appellants and the judgment of the trial court is affirmed.