**William T. HAFER, Appellant,**

v.

**Sid PRASHNER, d/b/a Acme Upholstery,
Appellee.**

**No. 275.**

Court of Civil Appeals of Texas.

Corpus Christi.

March 30, 1967.

Paul D. Little, Corpus Christi, for appellant.

Virgil Howard, of Wade & Howard, Corpus Christi, for appellee.

OPINION

NYE, Justice.

This is a suit on a note against the appellant and his wife given in payment for the reupholstering of a sofa and chair. Judgment was granted in the justice court for the sum of $199.00 and appeal was perfected to the County Court at Law No. 2 in Nueces County by the husband, the appellant herein. A non-jury trial de novo was had and judgment again rendered jointly and severally against the appellant and his wife. The husband has perfected his appeal to this Court.

Shortly after appellant and his wife were married, the wife Edythe Hafer employed the Acme Upholstery Company to reupholster a sofa and chair. At the time that the work was authorized to be done, Mrs. Hafer signed her husband's name, as well as her name, to a note and chattel mortgage. The

wife, contemporaneously with the delivery of the note, gave to the appellee as partial down payment a check written on her husband's bank account and purportedly signed by her husband. Subsequently, the chair and sofa were delivered to the appellant's home in the country. Very shortly thereafter, the appellant and his wife were separated. No payment was made on the note to the appellee. Hence this suit.

The appellant's first point is that the trial court erred in denying his plea in abatement and motion to dismiss the suit against him. As we understand appellant's contention, it is based upon the fact that the promissory note and chattel mortgage were forgeries and because his former wife had forged his name to the note, no cause of action could be based thereon. This plea in abatement was first urged in the justice court. In answer to this plea, the appellee filed a written amended petition, pleading three separate alternative theories for recovery against the appellant: (1) that the husband had authorized his wife to enter into the contract for reupholstering of the sofa and chair; (2) in the alternative, that if the husband did not expressly authorize his wife to contract for the services, he acquiesced in and ratified her contract upon receiving the finished sofa and chair in his home and by using the same with the knowledge that the work had been obtained on credit; and (3) that in any event the services contracted for by the wife Mrs. Hafer, were necessaries, and that the husband as head of the family, was liable therefor.

Appellee contends in his first and second counter points that the trial court's decision should be affirmed since it is supported by an independent ground of recovery to which no error is assigned by appellant in his brief; and that there is evidence of probative force that appellant authorized his wife to contract for appellee's services.

Findings of fact and conclusions of law were not requested by the appellant or filed. Where no request for findings is made and if no findings of fact are filed and contained in the judgment, all issues are conclusively presumed to have been found in such a way as to support the judgment of the trial court. Bishop v. Bishop, 359 S.W.2d 869 (Tex.Sup.1962); Appellate Procedure in Texas, Section 7–11, page 7–14.

There was evidence that Edythe Hafer either had her husband's bank account number, his check book or knew the bank account number and had authority to issue the check and make the contract. There was further evidence that the appellant authorized his wife to enter into the contract and ratified her acts when he accepted and received the sofa and chair at his home. The appellee testified in the trial in the county court at law that Mrs. Hafer had testified in the justice court that she executed the contract in question and signed her husband's name with his permission and with his full knowledge. The appellant did not deny that she had made such a statement. The appellee established that Mrs. Hafer was a co-defendant in the justice court with the appellant herein, and that the appellant was present when Mrs. Hafer testified that she was authorized by her husband to enter into the contract. It is apparent from the record that the appellant had an opportunity to cross examine Mrs. Hafer in the previous proceedings. The appellee developed in the record in the county court that Mrs. Hafer's whereabouts were unknown to both parties and that she was unavailable to testify in the county court. The appellant makes no complaint here of the admission of the wife's testimony and other related evidence that would authorize the trial court to render judgment against this appellant on this ground of recovery.

Statements made in evidence in a previous judicial proceeding may be received upon a subsequent trial as evidence of the truth of such statements where the witness who gave the evidence upon the former hearing is unavailable and the party against

whom the evidence is now offered had the opportunity to cross examine the witness at the former trial on the same issue as that upon which the evidence is now offered. 1 McCormick & Ray, Texas Evidence § 941 p. 719 (2d ed. 1956) "Exception to the Hearsay Rules—Evidence in Previous Proceedings"; Maryland Casualty Co. v. Lee, 165 S.W.2d 135 (Tex.Civ.App.—Galveston 1942, wr. ref'd); Lone Star Gas Co. v. State (1941) 137 Tex. 279, 153 S.W.2d 681.

We have considered all of appellant's points, none of which present reversible error. Appellee's counter points 1 and 2 are sustained.

Judgment of the trial court is affirmed.