Mary Ellen COAKLEY, Appellant,

v.

W. N. CROW et al., Appellees.

No. 548.

Court of Civil Appeals of Texas, Corpus Christi.

July 23, 1970.

Rehearing Denied Aug. 27, 1970.

Orrin W. Johnson, Harlingen, for appellant.

E. G. Henrichson, of Henrichson & Bates, Edinburg, for appellees.

## OPINION

GREEN, Chief Justice.

Mary Ellen Coakley, appellant, sued F. M. Reising and others in trespass to try title to recover a seventy acre tract of land in Hidalgo County, Texas. She also sued Sarah H. Conklin and others to recover a tract of about thirty-eight acres, also in Hidalgo County. The two cases were tried together in a jury trial, since they concern the same chain of title. Plaintiff Coakley claims title by reason of (1) a 1941 deed from Mattie Page Coffin (wife at the time of his death of the common source, James R. Page, deceased) and her husband Erle B. Coffin to Joseph M. Collins, (2) Joseph Collins' devise of the property to Will Collins, and (3) a 1943 deed from Will Collins to plaintiff. The defendants are in possession and claim by

force of a 1942 default judgment of foreclosure by Hidalgo Water District No. 1 and a constable's deed to the District. The Water District then conveyed the two tracts of land to the defendants or their predecessors in title. The District's foreclosure suit was brought against Mattie Page Coffin and her sons, they being the record owners in 1942 of the property since the deed from Mrs. Coffin and husband to Joseph Collins was not at that time of record. Will Collins, the devisee under Joseph M. Collins' will, was not named as a party to the foreclosure suit. See, on former appeal, Coakley v. Reising, et al, Tex.Sup., 436 S.W.2d 315.

This cause has been pending in the courts since 1947. Three trials have taken place. The Reising case was tried before the court on title issues in September, 1949, resulting in a judgment for the plaintiff which, however, was set aside on plaintiff's motion. The cases remained on the docket for many years, and were tried jointly in May, 1966. At the end of this trial the case was dismissed before submission of special issues to the jury when defendants' motion that plaintiff had sued in the wrong capacity was sustained. Upon appeal, this judgment was set aside by the Supreme Court and the case was remanded for trial. Coakley v. Reising, et al, supra.

Upon the instant trial, a take nothing judgment was entered by the trial court on October 29, 1969, based upon jury findings. Plaintiff's motion for new trial was overruled and the case is now before this Court on appeal.

The history of the events out of which the litigation arose, and the contentions of the parties as to their respective claims of title, are set forth in Judge Pope's opinion on the former appeal, 436 S.W.2d at pp. 316–317, to which reference is here made. Any additional facts or matters of evidence will be discussed under the pertinent points of error.

Appellant-plaintiff Coakley contends (1) that the Water District officials had actual notice as a matter of law of the Collins' title and that the evidence was legally and factually insufficient to raise an issue of fact of the absence of such notice, and (2) that the judgment of foreclosure was illegal and void.

Appellant also asserts various errors in connection with the court's charge, in the rulings on introduction of evidence, and she also raises the claim of jury misconduct.

Appellant's first two points of error assert in substance that the evidence proved as a matter of law that officials of the Water District had notice that Mattie Page Coffin had conveyed the lands in question to J. M. Collins, and that the jury findings to the contrary did not find support in the evidence, and were contrary to the overwhelming weight of the evidence. To these points appellees reply that the findings of the jury on the notice issues were supported, both legally and factually, by the evidence.

The applicable law with reference to actual notice of an unrecorded title is stated in the Supreme Court's opinion on the former appeal of this case, supra (436 S.W. 2d on p. 318) thusly:

"It was Mrs. Coakley's theory that the Water District had actual notice that Will Collins, her predecessor, owned the land even though the title documents were not recorded. She contends the Water District failed to join him in the foreclosure suit, his title was not foreclosed, and the Water District judgment was void as to him.

(3, 4) It is settled by Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286 (1951), and other cases cited in that opinion, that a judgment by a taxing agency is not binding upon a person who is not a party to the suit, when his ownership is evidenced by an unrecorded document, *if the taxing authority has actual or constructive notice of his title or owner-*

*ship.*[1] Persons 'actually or constructively known to have an interest in the land should be joined as parties' in a tax foreclosure suit. 54 Tex.Jur.2d, Taxation, § 163; Scales v. Wren, 103 Tex. 304, 127 S.W. 164 (1910). Unless this is the rule, the taxing authority could bring suit and serve process, as plaintiffs contend was done in this case, upon those who have already parted with title and are not the least interested in the suit. Hunt v. State, 110 Tex. 204, 217 S.W. 1034 (1920)."

Of course there were no jury findings on the issue of notice in the former trial, since the suit was ordered dismissed by the trial court before submission of the jury. The Supreme Court, in overruling requests of both parties to decide the issue of notice as a matter of law and render judgment, held, in addition to its holding that the plaintiff could sue in her individual capacity, that the evidence then before the Court created jury fact issues on the question of notice, and reversed and remanded.

On the trial from which the instant appeal was taken, the jury returned negative answers to all special issues inquiring whether, from a preponderance of the evidence, they found that certain named Water District officials or either of them had actual notice in law, as that term was defined in the charge, of the deed from Mrs. Mattie Page Coffin to J. M. Collins, and (separate issues) whether such officials had such notice that Will Collins was successor in interest of Mrs. Page and J. M. Collins to the lands in question. We find, from a study of the briefs and the statement of facts, that such findings have support in the evidence, and are not contrary to the great weight and preponderance of the evidence.

■ Will Collins, prior to the filing of the foreclosure suit, had made a trip to Hidalgo County, and there was evidence that he had shown interest in certain properties, and that he had conversed with officials of the district about some of the land. However, such evidence did not more than raise fact issues as to any claimed conversation with District officials about any title interest in the property in question, since any knowledge of any conversations of any title claims by Collins was denied by the officials involved. Correspondence between the Collins and District was in evidence, but we do not construe such correspondence as informing District or its officials of any title claims to this land.

■ As conclusively establishing as a matter of law notice of Collins' claims of title to these tracts, appellant relies principally on proof of a tax suit brought by the State of Texas on December 22, 1941, against various defendants including J. M. Collins on seven tracts of land, including, among others the tracts here involved. The Water District was named as a defendant, and executed a waiver of service and acknowledgment of a receipt of a copy of plaintiff's petition. Although this was evidence to be considered along with other testimony of notice by the District of Collins' ownership, it did not establish such notice as a matter of law. See discussion on former appeal, supra, 436 S.W. 2d on p. 318. Collins had nothing on record in Hidalgo County to evidence any claim of title. He had exercised no rights of possession of the property. Other tracts besides the ones here involved and other defendants besides Collins, were included in the State's suit, and there were no allegations of any claim of title by any specific defendant to any specific tract. There was evidence that the names of other defendants did not appear anywhere in the chain of title to the property which is the subject of the instant case.

■ Notice is, ordinarily, a fact issue, and does not become a question of law unless the facts are such as to require the

---

1. Emphasis added. No contention of constructive notice is made by appellant.

law to recognize that notice exists as a matter of law. Under the record presented here, it was a fact issue before the trial court, and that court properly submitted such fact issue to the jury. Appellant's first and second points are overruled.

By her third and fourth points of error, and by her Second Reply Point in her Reply Brief, appellant makes the contention that the foreclosure of District's tax lien was illegal and the judgment and sale was void because (a) it was a foreclosure *in solido* of three different liens in differing amounts on three different pieces of land owned by one not a party to the suit, and (b) because the sale was tainted by a champertous agreement between defendants and District.

■ As to (a) above, the fact that the one judgment foreclosed on several tracts and ordered them sold in satisfaction of the three different tax liens, i. e. a foreclosure in solido of the tax liens, constituted error, and the judgment would have been subject to reversal on direct appeal. McPhaul v. Byrd, Tex.Civ.App., 174 S.W. 644, n. w. h.; Snell v. Knowles, Tex.Civ. App., 87 S.W.2d 871, 878, wr. dism.; Livingston v. Stubbs, Tex.Civ.App., 151 S.W.2d 285, wr. dis. cor. judg. But such judgment is not void, and is not subject to collateral attack. Snell, supra; Livingston, supra.

We have carefully considered all of the evidence and appellant's points bearing on appellant's claim of illegality in the foreclosure suit, having considered that applying to (a) above and (b) concerning the champerty allegations. It is our conclusion that appellant's points of error 3 and 4 are not well taken, and both are overruled.

■ We find the evidence sufficient, legally and factually, to support the jury's findings that the defendants were purchasers for value of the property here involved, and the jury did so find. Appellant's contentions to the contrary are overruled.

■ Appellant, in her seventh point, asserts error in the trial court's definition of "actual notice in law" given in the charge to the jury. The court's definition read:

"In connection with this Charge, you are further instructed that by the term 'actual notice in law' as used herein, is meant either that he had actual knowledge thereof or that he had knowledge and information of such facts as would put a reasonably prudent person upon inquiry as to whether he was making any claim, from which inquiry, if made, he would have ascertained the facts as to the claim."

Appellant objected to this definition on the grounds among others that it is incomplete, fails to state that the means of knowledge are equivalent to knowledge itself, and fails to state that under notice in law is meant those things which one sought to be charged has express information, and those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed. Appellant also requested that the following definition be given:

"In common parlance 'actual notice' generally consists in express information of a fact, but in law the term is more comprehensive. In law whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand, which is pursued by the proper inquiry the full truth might have been ascertained. Means of knowledge with the duty of using them are in equity equivalent to knowledge itself. Where there is a duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge. So that, in legal parlance, actual knowledge embraces those things of which the one sought to be charged has express information, and likewise those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed."

We quote from Champlin Oil & Refining Company v. Chastain, Tex.Sup., 403 S.W.2d 376, on p. 388, as follows:

"It has been determined by Texas authority that imputed actual notice carries with it the same legal consequences as conscious knowledge. In Hexter v. Pratt, 10 S.W.2d 692, (Tex.Com.App. 1928) it was said:

'Notice in law is of two kinds—actual and constructive. * * * In common parlance "actual notice" generally consists in express information of a fact, but in law the term is more comprehensive. In law whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand, which if pursued by the proper inquiry the full truth might have been ascertained. Means of knowledge with the duty of using them are in equity equivalent to knowledge itself. * * * *So that, in legal parlance, actual knowledge embraces those things of which the one sought to be charged has express information, and likewise those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed.*' [2]

The Hexter case was cited with approval by this Court in Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286 (1951), wherein it was said:

'It may well be, however, that the tax attorney and the County were charged with actual notice of the judgment even though they had no express knowledge thereof. Actual notice "embraces those things of which the one sought to be charged has express information, and likewise those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed." ' "

See, also, Kerby v. Ogletree, Tex.Civ.App., 313 S.W.2d 325, 327, wr. ref. n. r. e.

We hold that the necessary elements of "actual notice" were included in the definition given by the trial court, and overrule appellant's seventh point.

■■ Appellants' eighth and ninth points assert jury misconduct of a prejudicial nature. These contentions were made in an affidavit of one of the jury asserting at some length that he and other jurors did not understand and wrongfully applied the definition of "actual notice" contained in the court's charge and appellant's point is based on her asserted error in such definition and the jury's misapplication thereof. The court sustained appellees' special exceptions to the affidavit, and declined to hear testimony. A juror is not guilty of misconduct when, without bringing to the attention of the jury law or facts outside of the record, he misconstrues a portion of the court's charge and argues a misinterpretation to other jurors. Compton v. Henrie, Tex.Sup., 364 S.W.2d 179, 182; Transamerica Insurance Company v. Beseda, Tex.Civ.App., 443 S.W.2d 915, 919, wr. ref., n. r. e. We have held that there was no error in the court's definition. The eighth and ninth points of error are overruled.

Appellant's tenth point of error reads:

"The Trial Court erred in admitting the hearsay testimony from a former trial of Defendant, F. M. Reising, when Reising was not shown to be dead or disabled and was, in fact, a resident of Edinburg, Texas, since Plaintiff was, thus, denied the opportunity to cross-examine Reising concerning his champertous agreements with the District—a crucial fact which had been discovered since he had testified and been excused at the former trial."

The record establishes that at the time of the 1966 and the 1969 trials F. M. Reising, a resident of Hidalgo County, Texas, had no interest in the property or in the law suit. He and the plaintiff had long

2. Emphasis added.

theretofore settled all of their claims against each other, and Reising remained in the case only as a nominal party. He had testified in both the 1949 and 1966 trials. A subpoena was issued for his attendance in court as a defense witness ten days prior to the day the case was set for trial in 1969, but was not served due to his absence from his home county of Hidalgo County, Texas, and from the State. Plaintiff had also secured a subpoena, which was likewise unserved. The case was called for trial in October, 1969, defendants requested a postponement, stating that Reising was a necessary defense witness, and that he was and would be for the next ten days out of the State of Texas. The request for postponement was denied.

The court permitted defendants to introduce into evidence portions of the testimony given by Reising over appellant's objections that the evidence was hearsay and self-serving, that the witness was not shown to be dead, insane, physically unable to testify, or residing outside of the jurisdiction of the court; and that the introduction of the former testimony would deprive the appellant of his right of full cross-examination. It is undisputed by appellees that the witnesses' evidence was very material and necessary to their defense, particularly on the issue of notice.

The rule concerning the admissibility of such testimony is stated in White v. Natural Gas Pipeline Company of America, Tex.Sup., 444 S.W.2d 298, on p. 302, as follows:

"For testimony given by a witness at a former trial to be admissible in a subsequent trial between the same parties in a civil case, Texas courts make three requirements. (1) The former trial must have been on substantially the same issues. (2) At the former trial there must have been an opportunity for cross-examination. (3) The witness at the time of the subsequent trial must have been unavailable to testify. The latter is established when it is shown that the witness is dead or insane or physically unable to testify or is beyond the jurisdiction of the court, or that his whereabouts are unknown and that a diligent search has been made to ascertain his whereabouts or that he has been kept away from the trial by the adverse party. The trial court's exercise of discretion in admitting testimony at the former trial is limited to a determination of the factual predicate. Each and every one of these requirements is essential in establishing the proper predicate for the admissibility of the transcript of testimony in another trial. Houston Fire & Casualty Insurance Co. v. Brittian, 402 S.W.2d 509 (Tex.Sup.1966); Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681 (1951). * * *"

■ Under the facts shown to the trial court, all three of the above named requirements were present when he overruled appellant's objections to the introduction of this evidence. The trial in 1969 was on substantially the same issues as the former trial. The claim of illegality of the tax judgment due to alleged champerty was an issue in the 1966 trial. The transcript does not contain any amended pleadings filed by either party since the former trial.[3] Appellant was shown to have opportunity for cross-examination on all matters included in the testimony, which right was fully exercised. The witness was shown to have been outside of the State of Texas and beyond the jurisdiction of the court, and there was no effort made to prove that his absence was caused or joined in by any of appellees having an interest in the law suit. The trial court did not err in overruling appellant's objections to the introduction of this evidence. Appellant's tenth point of error is overruled.

■ Appellant's last eleven points of error (Nos. 11–21 incl.) deal with the spe-

---

3. There was a motion for summary judgment filed by plaintiff in 1969, which was overruled.

cial issues in the court's charge inquiring of the damages and rental value of the property during the period of appellees' possession and use thereof. Any recovery by appellant of such damages and rental value would depend upon their securing judgment of title to the property. Since the judgment of title is against them, error, if any, in these issues and the jury's answers to them becomes moot and harmless, and we would not be justified in reversing the judgment for such error, if any. Rule 434, T.R.C.P.; Owens v. Rogers, Tex.Sup., 446 S.W.2d 865. These points of error are overruled as showing no reversible error.

Judgment affirmed.

NYE, Justice (dissenting).

I respectfully dissent. The majority of this Court by affirming the judgment of the trial court had to approve the hearsay testimony of defendant F. M. Reising. The facts and the rules relative to the admissibility of the hearsay testimony of a party from a former trial have been fairly set out in the majority opinion of this Court. However, I believe that such evidence did not qualify for admissibility under the rules set down by the Supreme Court in White v. Natural Gas Pipeline Company of America, 444 S.W.2d 298 at 302 (Tex.Sup.1969) for at least three reasons. First, the plaintiff was denied the opportunity to cross-examine Reising concerning his champertous agreements with the water district. This was where Reising agreed with the water district to do certain things in exchange for a share of a subject matter and this fact was not discovered at the time the witness gave his former testimony. Second, the witness was not "unavailable" to testify as the rule has been defined by the Supreme Court and by other judicial decisions in this State. Third, there was no effort to take the witness' deposition before the trial.

Reising was a party defendant in the law suit. At the time of the present trial he was considered only a nominal party since he and the plaintiff had settled their damage claims against each other. Reising had tes-

tified in two prior trials, one of which he was, then, the sole defendant. During the last trial in 1966 he testified as to certain matters respecting his purchase of the land in question. At the end of his testimony he was excused from the trial. Four days later on the final day of the former trial, written records of the champertous dealings by Reising were found and introduced into evidence. It was undisputed that the plaintiff did not know about these dealings at the time Reising was testifying. There had been no cross-examination of Reising or inquiry of Reising respecting these covert arrangements. He did not volunteer such admission. His credibility as to good faith was not in issue then in the same light as it was in this trial.

The rule is, that statements made in evidence upon a previous proceeding may be received upon a subsequent trial as evidence of the truth of such statements where the witness is unavailable, provided the party against whom the evidence is now offered had the opportunity to cross-examine the witness at the former trial upon the *same issue as that upon which the evidence is now offered.* (emphasis supplied) McCormick and Ray on Evidence, § 942, p. 720; Hafer v. Prashner, 413 S.W.2d 759 (Tex.Civ.App.—Corpus Christi 1967) and authorities cited therein. The hearsay evidence relied upon in this trial, was offered to show among other things that Reising had made "good faith" improvements on the land following his purchase. He testified that he had paid the consideration called for in the deed. There was evidence from other witnesses that the amount Reising had paid was extremely low. There was no opportunity to cross-examine Reising relative to the champertous arrangements he had made with the water district relative to such purchase. The evidence was offered by appellees undisputedly to prove at least in part, Special Issue No. 17 inquiring whether or not Reising had acted in good faith in purchasing the land in question, to which the jury answered: "Yes".

It was undisputed that Reising was a resident of Edinburg the county where the case was tried. It was also undisputed that his deposition had never been taken during the 22 years this cause has been pending. Appellees admit that his testimony was vital and very material to their defense. It was undisputed that defendant Reising had gone to Oklahoma on a vacation and would return on October 20. The defendants issued a subpoena for Reising on October 3 and four days later learned of his absence because of his vacation. On October 13, the day trial commenced, appellees presented their motion for continuance because Reising was absent. This was overruled by the court. Later the trial court admitted Reising's testimony over appellant's objection.

The Court in Morris v. Davis, 292 S.W. 574 (Tex.Civ.App.—Austin 1927, wr. ref.) discussed the various rules that had been formulated by judicial decision based upon the common law. One such rule was that a party does not have the right to prove what a particular witness testified to on a former trial of the case merely because that witness has gone to and resides in another state. He must show in addition, that he cannot procure the evidence of the absent witness by deposition or otherwise. The Court, in discussing the common law rule and testing the basis for its admissibility said: "It is clear beyond dispute that the purpose of the rule requiring the 'whereabouts' of the witness to be unknown, before his former testimony is admissible, was to require the taking of his deposition when his 'whereabouts' is known, even though his residence be beyond the limits of the state. Or, as said by Judge Key, 'conditions which render it reasonably certain that he cannot procure the evidence of the absent witness by deposition or otherwise' should be shown by the party offering it."

The rule relative to the unavailability of a witness to testify where the excuse is that he is "beyond the jurisdiction of the court" must be interpreted to mean that his unavailability from the state is more than temporary. This is true because all of the excuses that are set forth in the rule are based upon a rather permanent condition: such as 1) whereabouts are unknown and that a diligent search has been made to ascertain his whereabouts; 2) that he has been kept away from the trial by an adverse party; 3) physically unable to testify; 4) insane; 5) dead; and 6) finally beyond the jurisdiction of the court. The Supreme Court in White v. Natural Gas Pipeline Company of America, supra, said each and every one of these requirements is essential in establishing the proper predicate for the admissibility of the evidence. The exercise of discretion by the trial court, is limited by a determination of the sufficiency of the factual predicate in the situation claimed to exist. Houston Fire & Casualty Insurance Company v. Brittian, 402 S.W.2d 509 (Tex. Sup.1966). There was no evidence before the trial court that the witness' absence beyond the jurisdiction of the court was anything other than temporary. There was no evidence that there had been any attempt to secure the deposition testimony of the absent witness. I would hold the trial court abused its discretion in this respect.

The Supreme Court in the Brittian case, supra, in discussing the Morris v. Davis case, (writ refused) stated: "* * * there was disagreement among members of the court but none questioned the soundness of the rule in Lone Star Gas; Morris v. Davis, * * *" (Emphasis supplied.) and citing other authorities. The court in the White case, supra, in holding that the evidence admitted was error, stated that the deposition of the witness could have been taken but wasn't.

The trial court in this case had only to wait approximately one week for the return of the witness to make his testimony available in person and subject to cross-examination. The appellee and even the defendant Reising (the absent witness) knew of the trial setting but appellee made no effort to take Reising's deposition. This,

of itself, precludes the use of the former testimony. Stohn v. Bryant, 283 S.W.2d 299 (Tex.Civ.App.—Dallas 1955, ref. n. r. e.); Morris v. Davis, supra. Reising's testimony taken from two other trials was clearly secondary evidence. There was no matter of necessity existing in this trial that would compel the trial court to authorize the use of this evidence by appellee.

I would hold that the admission of such testimony under the circumstances of this case was calculated to and probably did cause the rendition of an improper judgment. Houston Fire & Casualty Insurance Company v. Brittian, supra; White v. Natural Gas Pipeline Company of America, supra; and Rule 434, T.R.C.P. The judgment should be reversed and the cause remanded.