**Gus HALL et al., Appellants,**

v.

**Helen Frances WHITE, Appellee.**

**No. 16316.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 14, 1974.

Rehearing Denied Dec. 12, 1974.

Foreman, Dyess, Prewett, Rosenberg & Henderson, A. D. Dyess, Houston, for appellants.

Warren L. Eddington, Houston, for appellee.

PEDEN, Justice.

This is an appeal from a will contest instituted in the probate court by the ap-

pellants. After the probate court had up-held its order admitting the will of Bailey C. Hall to probate, this cause was appealed to the district court on the issue of whether Mr. and Mrs. John W. Weaver each signed his name to the will in 1965 in the presence of the testator as witnesses to its execution. The jury found that each had done so, and the district court entered a judgment that the plaintiffs take nothing.

The contestants base their appeal on al-legations that the district court erred in admitting into evidence over timely ob-jections of hearsay: 1) the testimony of Mrs. John W. Weaver given at a former trial, and 2) affidavits of Mr. and Mrs. Weaver, which had been filed in the pro-bate court in support of its order admitting the will to probate. The exhibits before us on appeal include an affidavit executed by Mrs. Weaver but none by Mr. Weaver.

Regarding the admissibility of testimony received at a prior proceeding, the general rule is stated in Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 697 (1941):

> "It is the settled law that under an exception to the general rule against hearsay evidence, 'testimony of a wit-ness given at a former trial of the same case on substantially the same issues, and where there was opportunity for cross examination, may be reproduced where it is shown that the witness is dead, or that he had become insane, or is physically unable to testify, or is beyond the jurisdiction of the court, or that his whereabouts is unknown and that diligent search has been made to ascertain where he is, or that he has been kept away from the trial by the adverse party.'"

The Texas Supreme Court in White v. Natural Gas Pipeline Co. of America, 444 S.W.2d 298, 302 (1969), states the rule in civil cases in these three require-ments:

> "(1) The former trial must have been on substantially the same issues. (2) At the former trial there must have been an opportunity for cross-examination. (3) The witness at the time of the sub-sequent trial must have been unavailable to testify. The latter is established when it is shown that the witness is dead or insane or physically unable to testify or is *beyond the jurisdiction of the court,* or that his whereabouts are unknown and that a diligent search has been made to ascertain his whereabouts or that he has been kept away from the trial by the adverse party."

The court added:

> "The trial court's exercise of discretion in admitting testimony at the former trial is limited to a determination of the factual predicate. Each and every one of these requirements is essential in es-tablishing the proper predicate for the admissibility of the transcript of tes-timony in another trial."

Mrs. White contends that Section 89 of the Probate Code, V.A.T.S., allows the court reporter's record of testimony to be used in evidence on the trial of the same matter in any other court, when taken there by appeal or otherwise, and that the rules stated in *Lone Star* and *White* are not applicable to probate cases. That portion of Section 89 on which appellee relies states:

> "Upon the completion of hearing of an application for the probate of a will, if the court be satisfied that such will should be admitted to probate, an order to that effect shall be entered. Certified copies of such will and of the probate of the same, or of the record thereof, and the record of testimony, may be recorded in other counties, and may be used in evidence, *as the original might be,* on the trial of the same matter in any other court, when taken there by appeal or otherwise."

The source of section 89, Probate Code, is Art. 3351 (1927). Article 3351 stated:

"Upon the hearing of an application for the probate of a will, if the court be satisfied from the evidence that such will should be admitted to probate, an order to that effect shall be entered upon the minutes; and such will, together with the application for probate thereof, and all the testimony in the case, shall be recorded in the minutes; provided, that the substance only of depositions shall be so recorded. A certified copy of such record of testimony may be read in evidence on the trial of the same matter in any other court when taken there by appeal or otherwise."

This statute provided for the admission of testimony heard in the probate court and recorded in the minutes to be used as evidence at the trial de novo in the district court. Article 3350, Tex.Rev.Civ.Stat. (1925), provided the means by which testimony taken in the probate court could be placed in the minutes. This provision has remained in the Probate Code as Section 87, which states:

"All testimony taken in open court upon the hearing of an application to probate a will shall be committed to writing at the time it is taken, and subscribed, and sworn to in open court by the witness or witnesses, and filed by the clerk; provided, however, that in contested cases, the court may, upon agreement of the parties, and in the event of no agreement on its own motion, dismiss this requirement."

The method of introducing testimony stated in Art. 3351 has been preserved in Section 18 of the Probate Code, which provides:

"The record books described in preceding Sections (13–16) of this Code, or certified copies thereof, shall be evidence in any court of this State."

Section 15 of the Probate Code describes one of these record books and states:

"The county clerk shall keep a record book styled 'Probate Minutes,' and shall enter therein in full all orders, judgments, decrees, and proceedings of the court, together with the following:

" . . .

"(c) All wills and the testimony upon which the same are admitted to probate, provided that the substance only of depositions shall be recorded."

■ The affidavit executed by Mrs. Weaver, which is the subject of the appellants' complaint in their second point of error, did comply with the requirements of Sections 18 and 87 of the Probate Code and was thus admissible. In Clement v. Rainey, 50 S.W.2d 359 (Tex.Civ.App.1932, writ ref.), Art. 3351 was held to permit the use in the district court of testimony heard, taken in writing, signed and sworn to by the witness at the trial in the county court. We overrule the appellants' second point.

■ However, the court reporter's record of Mrs. Weaver's testimony in the probate court was not subscribed to, apparently was not filed with the county clerk and her testimony was not given at a hearing of an application for the probate of the will, so it was not admissible in district court under the noticed provisions of the Probate Code; we look to the quoted rule from the *Lone Star Gas* and *White* cases to determine whether it was admissible under these holdings.

■ Mrs. Weaver's testimony in the probate court complies with the requirements stated in *Lone Star Gas* and *White* in that her testimony was from a former trial between the same parties on the identical issue, there was an opportunity for complete cross-examination and at the time of trial in the district court Mrs. Weaver

was unavailable because she was on a vacation in California and thus outside the jurisdiction of the court. Showing the witness to be outside the state is a sufficient showing of unavailability. Coakley v. Crow, 457 S.W.2d 431, 437 (Tex.Civ.App. 1970, writ ref. n. r. e.) ; Moore v. Spencer, 399 S.W.2d 880, 882 (Tex.Civ.App.1966, no writ). In Coakley v. Crow, supra, it was held that the trial court did not err in overruling appellant's objections to the introduction of testimony from an earlier trial by a witness who was temporarily out of the state on vacation, even though no effort had been made to take his deposition.

The record in our case does not show, as it did in Houston Fire & Casualty Insur. Co. v. Brittian, 402 S.W.2d 509 (Tex. 1966) that the complaining party was entitled to question the missing witness about matters which had come to the attention of the witness since the prior trial.

Affirmed.

## ON MOTION FOR REHEARING

The appellants have filed a formal motion for rehearing. We add the following to our opinion:

The appellants did not argue in their brief that the court reporter's record of Mrs. Weaver's testimony from the probate court was not shown to be accurate. During oral submission we inquired whether they were complaining of the showing in the district court as to the accuracy of that record. The reply of appellants' counsel was that they were not saying that the record from the probate court was inaccurate but that their complaint was that it was inadmissible for the reasons stated in the cases cited in their brief. For that reason we did not consider whether a proper predicate had been laid by showing the accuracy of the record.

The motion for rehearing is denied.